UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W5,

Plaintiff,

-against-

HUGO BANCES, et al.,

Defendants.

**ORDER**

25-CV-01690 (PMH)

PHILIP M. HALPERN, United States District Judge:

Before the Court is Defendant Jean Bances' ("Bances") motion to set aside the Clerk's Certificate of Default (Doc. 92). (Doc. 93). For the reasons stated below, Defendant Bances' motion is granted.

Deutsche Bank National Trust Company ("Plaintiff") initiated this action on February 27, 2025 (Doc. 1) and filed the Amended Complaint—the operative pleading—on April 9, 2025, seeking to foreclose on a mortgage executed by Bances and Hugo Bances ("Hugo"), and adding as defendants YRH Property Corp. ("YRH") and the New York State Department of Taxation and Finance (Doc. 14). YRH filed an Answer on April 28, 2025, which included crossclaims against Bances to quiet title to the Subject Property. (Doc. 23). Bances, then proceeding *pro se*, failed to answer or otherwise respond to YRH's crossclaims. Accordingly, upon YRH's application, the Clerk of Court entered a Certificate of Default against Bances on June 12, 2025. (Doc. 49). The Court, on motion by YRH, entered an order to show cause on June 26, 2025, as to why entry of default judgment should not be entered against Bances. (Doc. 56). On July 22, 2025, the Court held a telephonic Initial Pre Trial Conference ("IPTC"), where the Court considered, among other

items, YRH's application for a default judgment against Bances (*see* Doc. 56). Bances failed to file a response or opposition to the order to show cause, but appeared *pro se*, at the IPTC.

During the IPTC, and for the reasons discussed on the record, the Court denied YRH's application for default judgment without prejudice to renew, and granted Bances' oral application for appointment of *pro bono* counsel. (*See* transcript; *see also* Doc. 65). On July 23, 2025, the Court entered a Civil Case Discovery Plan and Scheduling Order, setting forth the discovery schedule for the parties, as discussed during the IPTC. (Doc. 64). Thereafter, on October 7, 2025, *pro bono counsel* appeared on Bances' behalf (*see* Docs. 73, 74), and on December 18, 2025, the parties jointly requested an extension of the discovery schedule (Doc. 75). The Court, by Order dated December 19, 2025, granted, in part, the parties' application and extended discovery so that all discovery would end on April 13, 2026. (Docs. 76, 77).[1] Between December 18, 2025 and February 24, 2026, the parties continued with discovery, though Bances had not yet filed any response to YRH's crossclaim.

On February 26, 2026, Bances, through *pro bono* counsel, requested an additional extension of time to file a response to YRH's crossclaim, including any potential cross/counterclaims stemming from discovery and the investigation surrounding the alleged fraudulent transfer of the Subject Property. (Docs. 78, 79). YRH opposed the extension. (Doc. 84). On March 12, 2026, the Court granted Bances a sixty-day extension, and directed that Bances respond, "no later than May 12, 2026, . . . to Defendant YRH Property Corp.'s cross-claims . . . and include therein any potential cross-claims or third-party claims, as applicable." (Doc. 86).

---

[1] The parties requested the extension, in part, because Bances filed for bankruptcy protection in November 2025, triggering an automatic stay as to Bances, only, until that bankruptcy case was dismissed on December 10, 2025, that apparently "impeded the parties' ability to proceed" with the then-existing discovery schedule. (Doc. 75).

Bances failed to comply with the Court's March 12, 2026 Order and did not request an extension of time. Accordingly, on May 19, 2026, YRH filed a proposed Clerk's Certificate of Default against Bances (Docs. 88, 89), and the Clerk of Court issued the Certificate of Default on May 20, 2026 (Doc. 92). On May 22, 2026, Bances filed her motion to set aside the certificate of default. (Doc. 93). YRH opposed (Docs. 94, 95, 96, 104), and Bances filed reply (Docs. 105, 106).

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "Because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Caleb & Brown Pty. Ltd. v. Thompson*, No. 20-CV-08612, 2021 WL 4226183, at *2 (S.D.N.Y. Sept. 16, 2021) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (alteration omitted)). "Good cause under Rule 55(c) should be construed generously, and the dispositions of motions for entries of defaults and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case." *Id.* (citation modified). "In determining whether to vacate a default or default judgment, the Court must consider three factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.* (quoting *Del Med. Imaging Corp. v. CR Tech USA, Inc.*, No. 08-CV-08556, 2010 WL 1487994, at *4 (S.D.N.Y. Apr. 13, 2010)). "The Court may also consider whether the entry of default would bring about a harsh or unfair result." *Id.* (internal quotation marks omitted).

The Court finds that good cause exists to vacate the Clerk's entry of default under Rule 55(c). As an initial matter, the Court cannot conclude under the circumstances that Bances' default was willful. A finding of willfulness is only appropriate where "there is evidence of bad faith or

the default arose from egregious or deliberate conduct," and "mere[] negligen[ce] or careless[ness]" does not suffice to establish a willful default. *See Nash v. FOXO Technologies, Inc.*, 348 F.R.D. 210, 214 (S.D.N.Y. 2025). Bances' counsel claims that he "inadvertently missed" the deadline to respond to YRH's crossclaim, as he: i) was "expect[ing] that the submission of the joint settlement letter would result in the Court ordering or facilitating mediation among the parties"; and ii) was summoned to serve on jury duty that began on May 11, 2026. (*See* Doc. 105 at 4-5). While these explanations plainly do not justify the failure to comply with the Court's Order,[2] the standard at issue is "willfulness," and counsel's explanations demonstrate, at most, only "negligence or carelessness," especially in light of Bances' active participation in discovery during the relevant time period. *See S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1996); *see also U.S. Commodity Futures Trading Comm'n v. LaMarco*, No. 17-CV-04087, 2022 WL 18859042, *8 (E.D.N.Y. Dec. 27, 2022) (holding there to be a lack of "willfulness" where the defaulting party was not "radio silent" and actively participated in the proceeding).

Bances has also sufficiently demonstrated the existence of meritorious defenses, as at this time, there remains a fact issue as to the cloud on title and circumstances surrounding the sale of the Subject Property, based, in broad strokes, on the discovery materials submitted by the parties and the fact that the Attorney General is allegedly still investigating the sale. *See Caleb & Brown Pty. Ltd.*, 2021 WL 4226183, at *4 ("A defense is meritorious if it is good at law so as to give the

---

[2] Scott D. Brenner, *pro bono* counsel for Bances, affirmatively represented to the Court that "[a]ll parties, including YRH, indicated their willingness to participate in court-ordered or court-assisted mediation," and therefore expected that the Court would "order or facilitate[e] mediation among the parties" as an excuse for missing the May 12, 2026 deadline to respond to YRH's crossclaim. (Doc. 105 at 4). All parties did not, however, "indicate[] their willingness to participate in court-ordered or court-assisted mediation," as Plaintiff's position was that a settlement "conference would be unproductive at this time, given the uncertainty regarding the transfer from Defendant Bances to YRH Property Corp.," and YRH stated that they were "still willing to engage in alternate dispute resolution, if, and so long as Defendant Bances confirms she is willing to consider a settlement," though YRH "ha[d] not received any indication from counsel for Defendant Bances that she is open to settlement." (Doc. 87).

fact finder some determination to make) (citation omitted)); *see also Nash*, 348 F.R.D. at 214 ("Courts in this Circuit routinely recognize that a defendant need only meet a low threshold to satisfy this factor."). Finally, any prejudice to YRH that may be caused by delay resulting from the vacatur of the entry of default here does not outweigh the other factors.

Accordingly, under the circumstances, good cause exists to vacate the entry of default and warrants allowing Bances the opportunity to respond to YRH's crossclaims. The motion is, therefore, GRANTED.

Bances has included a proposed "Answer to Defendant YRH Property Corp.'s Cross-Claims and Counterclaims" as "Exhibit A" to her motion. (*See* Doc. 93-2). Bances shall file, no later than July 10, 2026 at 5:00 p.m., the Answer in the form annexed to her motion at Doc. 93-2. Additionally, the parties shall file, no later than July 10, 2026, a joint letter updating the Court on the current status of settlement discussions among the parties, and the parties' position on a referral to Magistrate Judge Reznik for settlement purposes.

The Clerk of Court is respectfully requested to vacate the Clerk's Certificate of Default (Doc. 92) and terminate the pending motion (Doc. 93).

**SO ORDERED:**

Dated: White Plains, New York
July 6, 2026

PHILIP M. HALPERN
United States District Judge